1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK RIVERA, | ) 1:10-cv-00223-SMS-HC |
| | ) |
|         Petitioner, | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR A STAY (Doc. 31) |
| | ) |
|   v. | ) ORDER CONSTRUING THE SECOND |
| | ) PETITION (Doc. 13) TO BE A |
| JAMES D. HARTLEY, Warden, | ) SEPARATE PETITION AND DIRECTING |
| | ) THE CLERK TO FILE IT IN A NEW |
|        Respondent. | ) ACTION |
| | ) |
| | ) ORDER DIRECTING THE SUBSTITUTION |
| | OF WARDEN JAMES D. HARTLEY AS |
| | RESPONDENT (Docs. 26, 28) |

ORDER VACATING PRIOR ORDER AND
DIRECTIONS TO RESPONDENT TO
RESPOND (Docs. 10, 12)

ORDER REQUIRING RESPONDENT TO
FILE A RESPONSE TO THE PETITION
(Doc. 1)

ORDER SETTING A BRIEFING SCHEDULE

ORDER DIRECTING THE CLERK TO
SERVE DOCUMENTS ON THE ATTORNEY
GENERAL

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that was transferred to this Court from the

1

1  United States District Court for the Central District of
2  California.   The matter has been referred to the Magistrate Judge
3  pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.
4  Pending before the Court are the petition and Petitioner's motion
5  for a stay filed on March 17, 2010.

6       I.  Motion for a Stay

7       Petitioner's initial petition, challenging the denial of
8  parole by the California Board of Parole Hearings (BPH) on March
9  1, 2006, was filed in the United States District Court for the
10 Central District of California.  (Doc. 1, pet. in no. 09-cv-4873-
11 ABC-AN, 7-8, 18.)  Petitioner then filed in that district a
12 second petition challenging the BPH's later denial of his parole
13 on March 25, 2008.  (Doc. 13, 9, 10, 32.)  When the second
14 petition was construed by the Central District to be an amended
15 petition in the first action, Petitioner first objected and then
16 filed a notice of appeal on January 29, 2010.  (Docs. 17, 14.)

17      Judicial notice may be taken of court records. Valerio v.
18 Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978),
19 aff'd, 645 F.2d 699 (9th Cir. 1981); see also Colonial Penn Ins.
20 Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v.
21 Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir.
22 1980).  The Court takes judicial notice of the docket of the
23 United States Court of Appeals for the Ninth Circuit in Rivera v.
24 Mendoza-Powers, case no. 10-55336, which reflects that on April
25 15, 2010, the court dismissed Petitioner's appeal from the
26 Central District's order in Central District case no. 2:09-cv-
27 04873-ABC-AN for lack of jurisdiction because the orders
28 challenged in the appeal were not final or appealable.  The

1  mandate issued on May 7, 2010.  A motion to reconsider filed by

2  Petitioner was denied as untimely on June 23, 2010.  It therefore

3  appears of record that the appeal is no longer pending.

4  　　　A court has the inherent power to stay proceedings as an

5  incident to the power in each court to control the disposition of

6  the cases on its docket.  Smith v. Mail Boxes, Etc. USA, Inc.,

7  191 F.Supp.2d 1155, 1157 (E.D.Cal. 2002).  Here, because the

8  appeal is no longer pending in the Ninth Circuit Court of

9  Appeals, the reason for the requested stay has ceased to exist.

10  　　　Accordingly, the request for a stay will be denied.

11  　　　II.  Screening the Petition

12  　　　Rule 4 of the Rules Governing § 2254 Cases in the United

13  States District Courts (Habeas Rules) requires the Court to make

14  a preliminary review of each petition for writ of habeas corpus.

15  The Court must summarily dismiss a petition "[i]f it plainly

16  appears from the petition and any attached exhibits that the

17  petitioner is not entitled to relief in the district court...."

18  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

19  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

20  1990).  Habeas Rule 2(c) requires that a petition 1) specify all

21  grounds of relief available to the Petitioner; 2) state the facts

22  supporting each ground; and 3) state the relief requested.

23  Notice pleading is not sufficient; rather, the petition must

24  state facts that point to a real possibility of constitutional

25  error.  Rule 4, Advisory Committee Notes, 1976 Adoption;

26  O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.

27  Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition

28  that are vague, conclusory, or palpably incredible are subject to

summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, the Court of Appeals has ruled that the screening order of the Central District was not a final or appealable order.  Because this Court now has the benefit of both petitions and Petitioner's objections to the order of the Central District construing his second petition, and further considering Petitioner's status as a pro se litigant, this Court exercises its discretion to consider Petitioner's petitions anew and re-screen the petitions.

A.   <u>The Second Petition (Doc. 13)</u>

The Central District relied on <u>Woods v. Carey</u>, 525 F.3d 886 (9th Cir. 2008) in construing the second petition as a motion to amend the pending petition.  However, <u>Woods</u> involved a second petition that was either successive or was an amendment of the original petition.  In contrast, Petitioner's second petition here challenged the denial of his parole in March 2008, and not the denial of his parole in March 2006.  Because Petitioner did not allege the same claim or grounds in the two petitions, his second petition was not successive.

Further, Petitioner did not move to amend the original petition; instead, he filed a second petition, and he listed the

4

case number of the proceedings involving the first petition in the appropriate blank for related or previously filed cases in the Central District.  (Doc. 1, 1.)

A court construes a pro se litigant's habeas petition with deference.  <u>Maleng v. Cook</u>, 490 U.S. 488, 493 (1989); <u>Belgarde v. State of Montana</u>, 123 F.3d 1210, 1213 (9th Cir. 1997). Petitioner's two petitions both address decisions to deny parole based on unsuitability, but because they relate to two different decisions, they are not successive.  28 U.S.C. § 2244(b); <u>Hill v. State of Alaska</u>, 297 F.3d 895, 898-99 (9th Cir. 2002).  Further, the second petition does not purport to amend the originally filed petition, and the petition is not otherwise reasonably construed as an amendment of the prior petition.

Accordingly, the Court construes the second petition as a separate petition that should be filed in a new action to be opened by the Clerk, and should be disregarded in the present proceeding.  The Court will proceed on the originally filed petition in this action.

B.   <u>The Initially Filed Petition (Doc. 1)</u>

1.   <u>Vacating the Orders to Respond</u>

On October 20, 2009, while this case was pending in the Central District, the court directed Respondent to file a response.  (Doc. 10.)  On January 11, 2010, the court amended the order and gave additional directions.  (Doc. 12.)  However, after Petitioner filed his notice of appeal, counsel for Respondent entered an appearance and requested further instructions and scheduling concerning a response.  (Doc. 26.)  It does not appear that a response was ever filed.

In order to achieve consistent administrative treatment of petitions pending in this district, the Court will vacate the previous order, entitled "ORDER RE FURTHER PROCEEDINGS (Parole Denial)" (Doc. 10), and the directions given in the minutes filed January 11, 2010 (Doc. 12), and will issue its own order directing the filing of a response.

## 2.   Order to File a Response

The Court has conducted a preliminary review of the petition. It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court will order that a response be filed.

## III.   Substitution of Warden James D. Hartley as Respondent

Here, in the original petition, Petitioner initially named Kathy Mendoza-Powers, Warden, as Respondent. (Pet. 1.) However, in the notice of appearance of counsel for Respondent, the Attorney General states that because Petitioner is housed at Avenal State Prison, the present warden, namely, Warden Hartley, is the appropriate respondent. (Doc. 26, 1 n. 1.) Further, it is stated that counsel's appearance will be on behalf of Respondent James D. Hartley. (Doc. 26 n. 1.)

The Court construes this as a request to substitute the

---

[1]The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

1  proper Respondent.

2       A failure to name the proper respondent destroys personal

3  jurisdiction.  Stanley v. California Supreme Court, 21 F.3d 359,

4  360 (9th Cir. 1994).  However, personal jurisdiction, including

5  the requirement of naming the technically correct custodian under

6  § 2242 and the Habeas Rules, may be waived on behalf of the

7  immediate custodian by the relevant government entity, such as

8  the state in a § 2254 proceeding.  Smith v. Idaho, 392 F.3d 350,

9  355-56, 356 n. 4 (9th Cir. 2004) (where the state conceded it had

10 waived lack of jurisdiction over a petitioner's immediate

11 custodian and submitted itself in his stead to the jurisdiction

12 of the federal courts).  A court has the discretion to avoid

13 delay and waste of the resources of the court and the parties by

14 recognizing a waiver instead of requiring formal amendment of the

15 petition by the Petitioner.  Id. at 356 n. 6.

16      Here, the Court exercises its discretion to recognize

17 Respondent's waiver of jurisdiction and to direct the

18 substitution of a proper respondent pursuant to Fed. R. Civ. P.

19 25(d).  The Court concludes that James D. Hartley, Warden of

20 Avenal State Prison, Petitioner's institution of confinement, is

21 an appropriate respondent in this action, and that pursuant to

22 Fed. R. Civ. P. 25(d), he should be substituted in place of the

23 California Department of Corrections.

24      IV.  Disposition

25      Accordingly, it is ORDERED that:

26      1) Petitioner's motion for a stay of the proceedings pending

27 resolution of his appeal in the Ninth Circuit Court of Appeals is

28 DENIED; and

2) The second petition filed in this action (doc. 13, filed January 11, 2010) is CONSTRUED as a as a separate petition that should be filed in a new action to be opened by the Clerk, and should be disregarded in the present proceeding; and

3) The Clerk is DIRECTED to file the second petition for writ of habeas corpus (doc. 13) in a new action to be opened by the Clerk; and

4) The previous orders of the transferor court directing Respondent to file a response to the petition(s) (Docs. 10, 12) are VACATED; and

5) With respect to the pending petition in this action (doc. 1),

a) The Clerk SUBSTITUTE James D. Hartley, Warden of Avenal State Prison, as the Respondent in this action pursuant to Fed. R. Civ. P. 25(d); and

b) Respondent shall proceed to respond to the petition as follows:

1) Respondent SHALL FILE a RESPONSE to the petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A response can be made by filing one of the following:

A. An ANSWER addressing the merits of the petition. Respondent SHALL INCLUDE with the ANSWER any and all transcripts or other documents necessary for

---

[2] Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

8

the resolution of the issues presented in the

petition.  See Rule 5, Rules Governing Section

2254 Cases.  Any argument by Respondent that a

claim of Petitioner has been *procedurally*

*defaulted* SHALL BE MADE in the ANSWER, but must

also address the merits of the claim asserted.

B.   A MOTION TO DISMISS the petition.  A motion to

dismiss SHALL INCLUDE copies of all Petitioner's

state court filings and dispositive rulings.  See

Rule 5, Rules Governing Section 2254 Cases.[3]

2.   If Respondent files an answer to the petition,

Petitioner MAY FILE a traverse within **THIRTY (30) days**

of the date Respondent's answer is filed with the

Court.  If no traverse is filed, the petition and

answer are deemed submitted at the expiration of the

thirty (30) days.

3.   If Respondent files a motion to dismiss, Petitioner

SHALL FILE an opposition or statement of non-opposition

within **TWENTY-ONE (21) days** of the date Respondent's

motion is filed with the Court.  If no opposition is

filed, the motion to dismiss is deemed submitted at the

expiration of the thirty (30) days.  Any reply to an

[3]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the respondent may file a motion to dismiss for failure to exhaust); White v. Lewis , 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

9

opposition to the motion to dismiss SHALL BE FILED within **SEVEN (7) days** after the opposition is served.

4.    Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **THIRTY (30) days** a consent/decline form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

5.    The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 230(l).  Extensions of time will only be granted upon a showing of good cause.  All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

**Dated:    July 20, 2010**                         **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE