1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK RIVERA, | ) | 1:10-cv—01320-LJO-SMS-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITIONER'S DUE |
| | ) | PROCESS CLAIM WITHOUT LEAVE TO |
| v. | ) | AMEND  (Doc. 1) |
| | ) | |
| JAMES D. HARTLEY, Warden, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DENY PETITIONER'S FIRST AMENDMENT |
| Respondent. | ) | CLAIM (Doc. 1) |
| | ) | |
| _____ | ) | FINDINGS AND RECOMMENDATIONS TO |
| | | DECLINE TO ISSUE A CERTIFICATE |
| | | OF APPEALABILITY AND TO DIRECT |
| | | THE ENTRY OF JUDGMENT FOR |
| | | RESPONDENT |

**OBJECTIONS DEADLINE:**
**THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the petition filed on July 22, 2010,  Respondent filed an answer to the petition on November 12, 2010, and Petitioner filed a traverse on December 30, 2010.

1    I.   <u>Consideration of Dismissal of the Petition</u>

2         Rule 4 of the Rules Governing § 2254 Cases in the United

3    States District Courts (Habeas Rules) requires the Court to make

4    a preliminary review of each petition for writ of habeas corpus.

5    The Court must summarily dismiss a petition "[i]f it plainly

6    appears from the petition and any attached exhibits that the

7    petitioner is not entitled to relief in the district court...."

8    Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.

9    1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.

10   1990).  Habeas Rule 2(c) requires that a petition 1) specify all

11   grounds of relief available to the Petitioner; 2) state the facts

12   supporting each ground; and 3) state the relief requested.

13   Notice pleading is not sufficient; rather, the petition must

14   state facts that point to a real possibility of constitutional

15   error.  Rule 4, Advisory Committee Notes, 1976 Adoption;

16   <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v.</u>

17   <u>Allison</u>, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition

18   that are vague, conclusory, or palpably incredible are subject to

19   summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th

20   Cir. 1990).

21        Further, the Court may dismiss a petition for writ of habeas

22   corpus either on its own motion under Habeas Rule 4, pursuant to

23   the respondent's motion to dismiss, or after an answer to the

24   petition has been filed.  Advisory Committee Notes to Habeas Rule

25   8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43

26   (9th Cir. 2001).

27        Here, after Respondent and Petitioner filed the answer and

28   traverse, respectively, the United States Supreme Court decided

2

1   Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

2   Because Swarthout appears to apply in the instant case, and

3   because no motion to dismiss any claims in the petition has been

4   filed, the Court proceeds to consider whether the petition states

5   a cognizable claim for relief.

6       II.   Background

7       Petitioner alleges that he is an inmate of Avenal State

8   Prison who is serving a sentence of fifteen (15) years to life

9   plus five (5) years imposed by the Los Angeles County Superior

10  Court in June 1989 upon Petitioner's conviction for second degree

11  murder with an enhancement for a prior serious felony conviction

12  in violation of Cal. Pen. Code §§ 187 and 667.  (Pet. 2.)

13      Petitioner challenges the decision of California's Board of

14  Parole Hearings (BPH) made after a hearing held on March 25,

15  2008, finding Petitioner unsuitable for release on parole, which

16  was upheld in the state courts.  (Pet. 9-11.)  Petitioner raises

17  the following claims in the petition: 1)  Petitioner's right to

18  due process of law was violated by the BPH's decision that he was

19  unsuitable for parole because the decision was not supported by

20  some evidence that Petitioner would present a continuing,

21  unreasonable risk of danger to society if released; and 2) the

22  BPH violated Petitioner's rights under the Establishment Clause

23  of the First Amendment by relying on Petitioner's lack of

24  participation in AA or NA programs as a basis for concluding that

25  Petitioner would pose an unreasonable danger to public safety if

26  released.

27      In connection with the answer, Respondent submitted a

28  transcript of the BPH hearing held on March 25, 2008.  (Ans.,

3

1   doc. 13-1, 46-80, doc. 13-2, 2-32.)   Review of the transcript

2   reflects that Petitioner attended the hearing with counsel, who

3   submitted documents and advocated on Petitioner's behalf.  (Doc.

4   13-1, 46, 48, 58, 61-62; doc. 13-2, 22-23.)   Petitioner had an

5   opportunity to speak to the BPH regarding numerous suitability

6   factors (doc. 13-1 at 61-80; doc. 13-2, 2-20) and make a

7   statement personally to the board in support of his application

8   for parole (doc. 13-2, 23-25).

9      Further, the transcript reflects that Petitioner was present

10  when the BPH stated its reasons for finding Petitioner unsuitable

11  for parole, which included the commitment offense, Petitioner's

12  history of prior convictions and failures on probation,

13  Petitioner's failure to upgrade vocationally or participate in

14  beneficial self-help and therapy programming, an inconclusive

15  psychological evaluation, lack of viable residential and

16  employment plans for parole, and the District Attorney's

17  opposition to parole.   Petitioner was commended for having his

18  GED, a long and favorable work record, and only one disciplinary

19  violation.   (Doc. 13-2, 26-32.)

20      III.   <u>Failure to State a Cognizable Due Process Claim</u>

21      The Supreme Court has characterized as reasonable the

22  decision of the Court of Appeals for the Ninth Circuit that

23  California law creates a liberty interest in parole protected by

24  the Fourteenth Amendment Due Process Clause, which in turn

25  requires fair procedures with respect to the liberty interest.

26  <u>Swarthout v. Cooke</u>, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

27      However, the procedures required for a parole determination

28  are the minimal requirements set forth in <u>Greenholtz v. Inmates</u>

1  of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1]

2  Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court

3  rejected inmates' claims that they were denied a liberty interest

4  because there was an absence of "some evidence" to support the

5  decision to deny parole.  The Court stated:

6          There is no right under the Federal Constitution
            to be conditionally released before the expiration of
7          a valid sentence, and the States are under no duty
            to offer parole to their prisoners.  (Citation omitted.)
8          When, however, a State creates a liberty interest,
            the Due Process Clause requires fair procedures for its
9          vindication–and federal courts will review the
            application of those constitutionally required procedures.
10         In the context of parole, we have held that the procedures
            required are minimal.  In Greenholtz, we found
11         that a prisoner subject to a parole statute similar
            to California's received adequate process when he
12         was allowed an opportunity to be heard and was provided
            a statement of the reasons why parole was denied.
13         (Citation omitted.)

14  Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the

15  petitioners had received the process that was due as follows:

16         They were allowed to speak at their parole hearings
            and to contest the evidence against them, were afforded
17         access to their records in advance, and were notified
            as to the reasons why parole was denied....

18
           That should have been the beginning and the end of
19         the federal habeas courts' inquiry into whether

20

21         [1] In Greenholtz, the Court held that a formal hearing is not required
    with respect to a decision concerning granting or denying discretionary
    parole; it is sufficient to permit the inmate to have an opportunity to be
22  heard and to be given a statement of reasons for the decision made.  Id. at
    16.  The decision maker is not required to state the evidence relied upon in
23  coming to the decision.  Id. at 15-16.  The Court reasoned that because there
    is no constitutional or inherent right of a convicted person to be released
24  conditionally before expiration of a valid sentence, the liberty interest in
    discretionary parole is only conditional and thus differs from the liberty
25  interest of a parolee.  Id. at 9.  Further, the discretionary decision to
    release one on parole does not involve restrospective factual determinations,
    as in disciplinary proceedings in prison; instead, it is generally more
26  discretionary and predictive, and thus procedures designed to elicit specific
    facts are unnecessary.  Id. at 13.  In Greenholtz, the Court held that due
27  process was satisfied where the inmate received a statement of reasons for the
    decision and had an effective opportunity to insure that the records being
28  considered were his records, and to present any special considerations
    demonstrating why he was an appropriate candidate for parole.  Id. at 15.

1    [the petitioners] received due process.

2    Swarthout, 131 S.Ct. at 862.   The Court in Swarthout expressly

3    noted that California's "some evidence" rule is not a substantive

4    federal requirement, and correct application of California's

5    "some evidence" standard is not required by the Federal Due

6    Process Clause.   Id. at 862-63.

7        Here, Petitioner challenges the application of California's

8    "some evidence" standard in his first claim.   Petitioner

9    complains of the board's weighing of various items of evidence

10   concerning Petitioner's parole suitability, and he asserts that

11   the board improperly relied upon his commitment offense.

12   Petitioner also argues that the board erroneously applied

13   applicable state law concerning parole suitability.

14       Petitioner's contentions concerning his due process claim

15   boil down to arguments that the board improperly applied the

16   "some evidence" standard or that there was an absence of some

17   evidence to support the finding that Petitioner was not suitable.

18   In this respect, Petitioner asks this Court to engage in the very

19   type of analysis foreclosed by Swarthout.   Petitioner does not

20   state facts that point to a real possibility of constitutional

21   error or that otherwise would entitle Petitioner to habeas relief

22   because California's "some evidence" requirement is not a

23   substantive federal requirement.   Review of the record for "some

24   evidence" to support the denial of parole is not within the scope

25   of this Court's habeas review under 28 U.S.C. § 2254.

26       Petitioner cites state law concerning procedures and factors

27   of parole suitability and the appropriate weight to be given to

28   evidence.   To the extent that Petitioner's claim or claims rest

6

on state law, they are not cognizable on federal habeas corpus.
Federal habeas relief is not available to retry a state issue
that does not rise to the level of a federal constitutional
violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16
(2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged
errors in the application of state law are not cognizable in
federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th
Cir. 2002).

A petition for habeas corpus should not be dismissed without
leave to amend unless it appears that no tenable claim for relief
can be pleaded were such leave granted.  Jarvis v. Nelson, 440
F.2d 13, 14 (9th Cir. 1971).

Here, it is clear from the allegations in the petition that
Petitioner attended the parole suitability hearing, made
statements to the BPH, and received a statement of reasons for
the decisions of the BPH.  Thus, the undisputed facts of record
establish that Petitioner had an opportunity to be heard and
received a statement of reasons for the decisions in question.
It therefore does not appear that Petitioner could state a
tenable due process claim.

Accordingly, it will be recommended that with respect to
Petitioner's first claim that the unsuitability finding violated
his right under the Fourteenth Amendment to due process of law,
the petition be dismissed without leave to amend.

IV.  First Amendment

Petitioner argues that his rights under the First and
Fourteenth Amendments were violated by the board's coercive
requirement that he participate in religious-based, self-help

7

1  programs to qualify for parole release, and by the board's having

2  punished him by finding him unsuitable for parole because he

3  failed to attend NA or AA.  (Pet. 17-19.)

4         A.  Background

5     At the hearing, Petitioner explained that it was God and not

6  Alcoholics Anonymous (AA) or Narcotics Anonymous (NA) that had

7  helped him stay out of trouble in prison.  (Ans., doc. 13-2, 4.)

8  Presiding Commissioner Davis questioned Petitioner concerning his

9  compliance with the recommendation of the BPH made at a preceding

10  parole hearing that Petitioner avail himself of self-help

11  programs.  (Id. at 18.)  Petitioner responded that the

12  institution had AA and NA but did not have the type of self-help

13  he needed; further, it was illegal to force an inmate to

14  participate in AA or NA.  (Id. at 18-19.)  A deputy district

15  attorney present then noted that at the previous hearing the

16  board had recommended that Petitioner read some books and write

17  up some book reports, and the prosecutor asked if Petitioner had

18  done that.  (Id. at 19.)  Petitioner responded that the book

19  reports were not mandated by the board's rules, which were not

20  otherwise identified by Petitioner.  (Id.)

21     In explaining why it found Petitioner unsuitable for release

22  on parole, the board mentioned that Petitioner had not

23  "sufficiently participated in beneficial self-help."  (Ans., doc.

24  13-2, 27.)  In explaining why parole would be denied for two

25  years, the following was stated in pertinent part by Presiding

26  Commissioner Davis with respect to Petitioner's self-help

27  programming:

28         You have not sufficiently participated in beneficial

8

self-help.
....
[It is recommended] [a]s available, that you
participate in self-help, and certainly independent
reading is an option for you.  Read self-help books
that applies (sic) to you and your situation.  Prepare
a short report, two or three paragraphs, indicating
an understanding of what you read and how it applies
to you, and the Panel will certainly look at that
as part of your programming.

(Doc. 13-2, 30-31.)

On February 20, 2009, the Los Angeles Superior Court denied

petitioner's petition for writ of habeas corpus, concluding that

the board's reliance on the commitment offense and Petitioner's

violent criminal history was supported by some evidence, and that

the board's reliance on Petitioner's failure to participate in

any self-help programs, including any substance abuse programs,

was proper and based on relevant concerns.  (Ans., Ex. 2, doc.

13-3, 3-4.)  The California Court of Appeal, Second Appellate

District and the California Supreme Court denied petitions for

habeas corpus summarily on April 28, 2009, and December 2, 2009,

respectively.  (Ans., Exs. 4, 6, docs. 3-6 and 3-9.)

     B.  Legal Standards

          1.  Habeas Corpus Review

Title 28 U.S.C. § 2254 provides:

(d) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the
judgment of a State court shall not be granted
with respect to any claim that was adjudicated
on the merits in State court proceedings unless
the adjudication of the claim—

(1) resulted in a decision that was contrary to,
or involved an unreasonable application of, clearly
established Federal law, as determined by the
Supreme Court of the United States; or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light

1

2

of the evidence presented in the State court
proceeding.

(e)(1) In a proceeding instituted by an application
for a writ of habeas corpus by a person in custody
pursuant to the judgment of a State court, a
determination of a factual issue made by a State
court shall be presumed to be correct. The applicant
shall have the burden of rebutting the presumption
or correctness by clear and convincing evidence.

The petitioner bears the burden of establishing that the

decision of the state court was contrary to, or involved an

unreasonable application of, the precedents of the United States

Supreme Court. Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th

Cir. 2004); Baylor v.Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).

A state court's decision contravenes clearly established

Supreme Court precedent if it reaches a legal conclusion opposite

to the Supreme Court's or concludes differently on an

indistinguishable set of facts. Williams v. Taylor, 529 U.S.

362, 405-06 (2000).  The state court need not have cited Supreme

Court precedent or have been aware of it, "so long as neither the

reasoning nor the result of the state-court decision contradicts

[it]." Early v. Packer, 537 U.S. 3, 8 (2002).  The state court

unreasonably applies clearly established federal law if it either

1) correctly identifies the governing rule but then applies it to

a new set of facts in a way that is objectively unreasonable, or

2) extends or fails to extend a clearly established legal

principle to a new context in a way that is objectively

unreasonable. Hernandez v. Small, 282 F.3d 1132, 1142 (9th

Cir.2002); see, Williams, 529 U.S. at 408-09.  An application of

law is unreasonable if it is objectively unreasonable; an

incorrect or inaccurate application of federal law is not

10

1  necessarily unreasonable.  <u>Williams</u>, 529 U.S. at 410.

2      Respondent correctly assumes that there is clearly

3  established precedent from the United States Supreme Court

4  governing Petitioner's claim as is required by 28 U.S.C.

5  § 2254(d)(1) in order for Petitioner to be entitled to relief.

6  <u>Inouye v. Kemna</u>, 504 F.3d 705, 713 (9th Cir. 2007) (holding that

7  a state official's requiring attendance as a condition of parole

8  in drug treatment programs (AA and NA) rooted in a regard for a

9  higher power was not protected by qualified immunity because the

10 law was clearly established based on consistent articulation of

11 the principle that the government may not coerce anyone to

12 support or participate in religion or its exercise, or punish

13 anyone for not so participating, and citing <u>Everson v. Board of</u>

14 <u>Education of Ewing Township</u>, 330 U.S. 1 (1947) and <u>Lee v.</u>

15 <u>Weisman</u>, 505 U.S. 577, 587 (1992)).  The court in <u>Inouye</u> further

16 noted that the basic test for Establishment Clause violations

17 remains that stated in <u>Lemon v. Kurtzman</u>, 403 U.S. 602, 613

18 (1971), namely, that the government acts 1) have a secular

19 legislative purpose, 2) not have a principal or primary effect

20 which either advances or inhibits religion, and 3) not foster an

21 excessive government entanglement with religion.  <u>Id.</u> at 713 n.7.

22 The court concluded that recommending revocation of parole for a

23 parolee's failure to attend the programs after an order to

24 participate was given was unconstitutionally coercive.  <u>Id.</u> at

25 713-14.  In finding the law clear, the court in <u>Inouye</u> relied not

26 only on lower court decisions but also in part on the decisions

27 of the United States Supreme Court and the absence of any Supreme

28 Court case upholding government-mandated participation in

11

1   religious activity in any context.  Id. at 715.

2       Further, in Turner v. Hickman, 342 F.Supp.2d 887 (E.D.Cal.
3   2004), a Christian inmate alleged that parole authorities
4   expressly conditioned the plaintiff's eligibility for release on
5   parole in part upon participation in NA.  Id. at 890.  This Court
6   concluded that by repeated application of the "coercion" test set
7   forth in Lee v. Weisman, 505 U.S. 577, 587 (1992), the Supreme
8   Court had made the law clear.  Turner, 342 F.Supp.2d at 894.  By
9   expressly telling the plaintiff he needed to participate in NA in
10  order to be eligible for parole, the state had acted coercively
11  to require participation in a program in which the evidence
12  showed that belief in "God" was a fundamental requirement of
13  participation.  Id. at 895-96.  Accordingly, the First Amendment
14  prohibited the requirement.  Id. at 896-99.

15      However, even if the Court proceeds on an understanding that
16  there is clearly established federal law as determined by the
17  Supreme Court of the United States that prohibits punishing an
18  inmate for failing to participate in AA or NA, or coercing an
19  inmate to participate in NA or AA religious activities, it
20  nevertheless does not appear that Petitioner is entitled to
21  relief.

22      Review of the transcript of the parole hearing supports a
23  conclusion that at the hearing, the board considered not
24  Petitioner's failure to attend NA or AA, but rather Petitioner's
25  failure to engage in an alternative regimen of reading pertinent
26  self-help books and reporting on them and their applicability to
27  Petitioner's situation.  It appears that the board had previously
28  considered and accepted Petitioner's assertion that it would be

improper to punish Petitioner for failing to participate in programs such as NA or AA, which involve reliance on a higher power.   Further, the record shows that the board had previously recommended that Petitioner engage in the specific, alternative form of self-help of independently reading pertinent self-help resources and reporting on them.   However, Petitioner had failed to do so because he perceived that it was not required in the board's own rules.   Thus, the record establishes that Petitioner was not coerced into attending such programs, and he was not punished for failure to attend such programs.   Instead, when the board had recommended an alternate form of programming, Petitioner declined to participate because he felt is was not "required."   Because the board neither required attendance at any faith-based program nor punished Petitioner for not having attended such a program, Petitioner has not established that he suffered any improper coercion, punishment, or other violation of his First and Fourteenth Amendment rights.

In light of these facts, and considering Petitioner's failure to engage in any self-help programming despite a lengthy history of criminal behavior and abuse of drugs and alcohol, a state court determination that Petitioner had not shown that he had suffered a violation of the Establishment Clause would not have constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.   Further, such a decision would not have been based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

1    Therefore, the Court concludes that Petitioner did not show

2    entitlement to relief with respect to his claim of a violation of

3    the Establishment Clause.

4    Accordingly, it will be recommended that Petitioner's second

5    claim concerning the Establishment Clause be denied.

6    V.   Certificate of Appealability

7    Unless a circuit justice or judge issues a certificate of

8    appealability, an appeal may not be taken to the Court of Appeals

9    from the final order in a habeas proceeding in which the

10    detention complained of arises out of process issued by a state

11    court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

12    U.S. 322, 336 (2003).  A certificate of appealability may issue

13    only if the applicant makes a substantial showing of the denial

14    of a constitutional right.  § 2253(c)(2).  Under this standard, a

15    petitioner must show that reasonable jurists could debate whether

16    the petition should have been resolved in a different manner or

17    that the issues presented were adequate to deserve encouragement

18    to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

19    (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

20    certificate should issue if the Petitioner shows that jurists of

21    reason would find it debatable whether the petition states a

22    valid claim of the denial of a constitutional right and that

23    jurists of reason would find it debatable whether the district

24    court was correct in any procedural ruling.  Slack v. McDaniel,

25    529 U.S. 473, 483-84 (2000).

26    In determining this issue, a court conducts an overview of

27    the claims in the habeas petition, generally assesses their

28    merits, and determines whether the resolution was debatable among

14

jurists of reason or wrong.  <u>Id.</u>  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, it will be recommended that the Court decline to issue a certificate of appealability.

VI.  <u>Recommendations</u>

Accordingly, it is RECOMMENDED that:

1)  Petitioner's first claim concerning a denial of due process caused by the absence of some evidence to support a finding of unsuitability for parole be DISMISSED without leave to amend for failure to state a claim entitling Petitioner to relief pursuant to 28 U.S.C. § 2254; and

2)  Petitioner's second claim concerning a denial of Petitioner's First and Fourteenth Amendment rights be DENIED; and

3)  The Court DECLINE to issue a certificate of appealability; and

4)  Judgment be ENTERED for the Respondent.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant

to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 9, 2011**                              **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE